FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 AUG 31  PM 4: 44

CLERK____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. CR406-186 |
| | ) |
| CLINTON EUGENE WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Defendant has filed a motion to dismiss all three counts of the indictment in the above case, essentially contending that the Government lacks sufficient evidence to support the allegations in the indictment. Doc. 8. The Government opposes the motion. Doc. 10. Defendant's motion to dismiss is without merit and should be DENIED.

Count 1 of the indictment charges that defendant, who has prior felony convictions, knowingly possessed "in and affecting interstate commerce" a firearm that had been transported in foreign or interstate

commerce, in violation of 18 U.S.C. § 922(g)(1). Count 2 charges defendant with possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Count 3 charges defendant with carrying a firearm during the drug trafficking offense alleged in Count 2, in violation of 18 U.S.C. § 924(c). Doc. 1. Defendant argues that he was not engaged in interstate commerce at the time of his arrest, that there is no evidence of a drug sale or an impending drug sale and, thus, that there is insufficient evidence to support the allegations of drug trafficking. He also argues that he did not have the requisite intent for a conviction under any of the counts of the indictment.

The federal courts may not assess the sufficiency of the evidence supporting an indictment obtained from an unbiased grand jury. United States v. Calandra, 414 U.S. 338, 344-45 (1974); Costello v. United States, 350 U.S. 359, 362-63 (1956); United States v. Ayarza-Garcia, 819 F.2d 1043, 1048 (11th Cir. 1997). The Federal Rules of Criminal Procedure permit a defendant to raise prior to trial only those defenses or objections which are "capable of determination without the trial of the general issue." Fed. R. Crim. P. 12(b). "It follows that a pretrial motion to dismiss the indictment

cannot be based on a sufficiency of the evidence argument because such an argument raises factual questions embraced in the general issue." Ayarza-Garcia, 819 F.2d at 1048. While this Court may review the *legal* sufficiency of the indictment, it may not at this stage review the sufficiency of the proof that will be offered in support of the indictment's allegations or second-guess the grand jury's probable cause findings. United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004); United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992) (per curiam).

The indictment in this case alleges the required elements under each of the relevant statutes and, therefore, is legally sufficient to call for a trial on the merits. Whether the indictment is based upon sufficient evidentiary support may not be determined through a pretrial motion, for there is no summary judgment procedure in the criminal law. Critzer, 951 F.2d at 307. Should the government fail to meet its burden at trial of establishing each element of the crimes charged in the indictment, defendant can at that time move for a judgment of acquittal under Federal Rule of Criminal Procedure 29 prior to the submission of the case to the jury.

Based on the foregoing, defendant's motion to dismiss (doc. 8) should

3

be DENIED.

SO REPORTED AND RECOMMENDED this 31st day of August, 2006.

```
_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
```