UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR 406-186 |
| ) | |
| CLINTON EUGENE WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Clinton Eugene Williams' Motion to Modify Sentence (Doc. 23). Defendant entered a guilty plea to one count of being a felon in possession of a firearm, in violation of 28 U.S.C. § 922(g)(1). This Court sentenced Defendant to a term of 120 months' imprisonment. Shortly after this Court sentenced Defendant, Defendant received a five-year sentence in Chatham County Superior Court for his state court conviction of possession of a firearm by a convicted felon.

Defendant asks this Court to modify his sentence, arguing that his receipt of two separate prison sentences for the same crime violates the Double Jeopardy Clause of the Fifth Amendment, which states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S.CONST. amend. V. Although the Clause protects against the imposition of multiple criminal punishments for the same offense, Hudson v. U.S., 522 U.S. 93 (1997), the dual sovereignty doctrine is an exception to collateral estoppel as embodied in the double jeopardy bar against retrial. The doctrine

recognizes that two sovereigns often have separate, legitimate interests in prosecuting the defendant and allows the federal government and a state government to bring successive prosecutions for offenses arising from the same criminal act. Heath v. Alabama, 474 U.S. 82, 89 (1985) (" . . . an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each" (internal citation omitted)). Accordingly, Defendant's receipt of prison sentences for both the state and federal crimes of being a felon in possession of a firearm does not constitute a violation of the Double Jeopardy Clause, and his Motion is therefore **DENIED**.

**SO ORDERED.**

JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE

Dated: June 3, 2008